Vincent E. **FRANKLIN**, Appellant,

v.

Walter B. **RIDLEY**, et al., Appellees.

No. 90–SP–1612.

District of Columbia Court of Appeals.

Submitted Dec. 8, 1993.

Decided Dec. 27, 1993.

Barbara E. Sosnick, Washington, DC, for appellant.

Mary L. Wilson, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, DC, were on the brief, for appellees.

Before FERREN, TERRY, and KING, Associate Judges.

FERREN, Associate Judge:

Appellant was convicted of distribution of a controlled substance, and the trial court sentenced him to the mandatory minimum four years of incarceration, *see* D.C.Code § 33–541 (1993), to be followed by five years of probation. Federal prison authorities released appellant before the expiration of his minimum four year imprisonment. Appellant was subsequently arrested and convicted on other charges, and the trial court revoked his probation for the distribution offense. Appellant filed a petition for a writ of habeas corpus, arguing that he was entitled to credit against his mandatory minimum four year prison sentence for the time between his release from federal prison and his subsequent arrest on other charges. The trial court disagreed and "discharged" the petition. Appellant renews his argument on appeal. We affirm.

**I.**

On November 11, 1986, the trial court sentenced appellant to four to twelve years in prison for distribution of a controlled substance. The four year term was a mandatory minimum sentence. *See* D.C.Code § 33–541. The court suspended execution of all but the four year mandatory minimum sentence and ordered five years of probation to follow the four years of incarceration.[1] In August 1987, pursuant to the trial court's request, appellant was transferred to a federal prison. Appellant's Judgment and Commitment Order, which was forwarded to the federal prison, indicated that appellant was not entitled to parole or to good time credit because he was serving a mandatory four

---

1. D.C.Code § 16–710 (1989) allows the court to suspend execution of a portion of a prison sentence and to impose a term of probation as a substitute for incarceration.

year sentence until June 6, 1990. Notwithstanding appellant's Judgment and Commitment Order, the Federal Bureau of Prisons gave appellant 336 days of good time and other credits and released him on April 30, 1989.[2]

On November 9, 1989, appellant was arrested on new charges and released to a third party custodian. Six days later, on November 15, appellant again was arrested on still other charges and was held without bond. On May 24, 1990, appellant was convicted of unlawful entry and sentenced to 120 days of incarceration. A month later, on June 26, appellant was convicted of receiving stolen property and sentenced to prison for one year.

Between the imposition of these two prison sentences, on June 6, 1990, the trial court revoked appellant's probation on the charge of distribution of a controlled substance and reimposed the original four to twelve year sentence. The Department of Corrections adjusted appellant's Judgment and Commitment Order to reflect that appellant had not yet served the full four year mandatory minimum sentence and, therefore, was not eligible for parole until May 10, 1991. The Department of Corrections did not credit appellant with any of the time between his release from federal prison on April 30, 1989 and his subsequent arrest on November 15, 1989.

On August 6, 1990, appellant filed a petition for writ of mandamus, which the court treated as a petition for writ of habeas corpus. Appellant claimed that he was entitled to credit against his four year mandatory minimum sentence for the time he had spent on release from April 30, 1989, through November 14, 1989. Pursuant to an order to show cause dated August 8, 1990, the District responded that appellant's petition should be dismissed because he was required to serve his mandatory minimum sentence without reduction. The trial court agreed and "discharged" appellant's petition. Appellant filed a motion to reconsider, which the court denied on November 20, 1990. The trial court reasoned that (1) the trial judge had jurisdiction to revoke appellant's parole on June 6, 1990, and (2) appellant was not entitled to credit for time on parole because only persons who are District of Columbia—not federal—prisoners at the time of their parole are entitled to credit under D.C.Code § 24–431(a) (1989).

## II.

Appellant contends that he is entitled to credit against the mandatory minimum four year sentence for the approximately six and one-half months between his release from federal prison on April 30, 1989, and his subsequent arrest on November 15, 1989. He argues, contrary to the trial court's conclusion, that the District of Columbia Good Time Credits Act of 1986, *see* D.C.Code §§ 24–428 to –434 (1989 and 1993 Supp.), applies retroactively to District of Columbia prisoners incarcerated in federal prisons.

■ We agree with appellant, and the District concedes—contrary to the trial court's ruling—that the Good Time Credits Act, as amended in 1991, applies to all D.C.Code offenders, irrespective of where they are incarcerated.[3] The District also concedes that,

---

2. D.C.Code § 24–209 (1989) authorizes the United States Parole Commission to make parole decisions for D.C.Code offenders housed in federal prisons and requires the Parole Commission to apply District of Columbia law. *See Mitchner v. United States,* 531 A.2d 666, 668 (D.C.1987); *Johnson v. Williford,* 821 F.2d 1279, 1283 (7th Cir.1987).

3. The District's Good Time Credits Act was amended in 1991 to extend the application of institutional good time credits to all D.C.Code offenders incarcerated in any prison. Before the 1991 amendment, D.C.Code § 24–428(a) provided:

(a) Every person who is convicted of a District of Columbia ("District") criminal law by a

court in the District of Columbia, *imprisoned in a District Correctional facility,* and whose conduct is in conformity with all applicable institutional rules is entitled to institutional good time credits in accordance with the provisions of this section. [Emphasis added.]

The statute, as amended, does not specify that the prisoner must have been imprisoned in a District correctional facility in order to be eligible for the credits. D.C.Code § 24–428(a) presently provides:

(a) Every person who is convicted of a violation of the District of Columbia ("District") criminal law by a court in the District of Columbia and whose conduct is in conformity with all applicable institutional rules is entitled

if appellant in fact had been on parole between his release from federal prison and his subsequent arrest, he would have been entitled to credit for that time pursuant to D.C.Code § 24–431(a). The District contends, however, that appellant was not entitled to credit for time spent on release because, when the federal prison released him on April 30, 1989, appellant was on "probation," not on "parole." The District points to D.C.Code § 24–104 (1989), which provides that "[i]f probation is revoked, the time of probation shall not be taken into account to diminish the time for which [the probationer] was originally sentenced."

■ We agree with the District that the federal prison released appellant on probation, rather than on parole, and that, as a result, in accordance with D.C.Code § 24–104, appellant was not entitled to credit for his time on release. The trial court sentenced appellant to the mandatory minimum term of four years of incarceration, to be followed by five years of probation for the distribution of a controlled substance. The federal prison authorities, therefore, incorrectly released him on April 30, 1989, before his mandatory minimum prison term had been served. Because appellant had not served his entire mandatory sentence, he by definition could not have been on "parole" following his release because the Board of Parole may authorize "release on parole" only after the prisoner "has served the minimum sentence imposed or the prescribed portion of his sentence, as the case may be...." D.C.Code § 24–204. Furthermore, appellant's sentence required him to serve five years of probation after his incarceration. Even assuming, therefore, that the federal prison could have correctly released appellant on April 30, 1989, appellant was

to institutional good time credits in accordance

released under the terms of his sentence to "probation," not to parole.

The D.C.Code clearly provides that a prisoner may receive credit to his or her sentence for time spent on "parole" but not for time on "probation" if probation is subsequently revoked: "Every person shall be given credit on the maximum and the minimum term of imprisonment for *time spent in custody or on parole* as a result of the offense for which the sentence was imposed." D.C.Code § 24–431(a) (emphasis added). In contrast, as noted earlier, "[i]f probation is revoked, the *time of probation shall not be taken into account* to diminish the time for which [the probationer] was originally sentenced." D.C.Code § 24–104 (emphasis added).

In light of the fact that appellant must have been on probation, rather than on parole, during the six and one-half months between his release from the federal prison and his subsequent arrest, we must conclude that appellant is not entitled to credit against his sentence for his time on release. We therefore affirm the trial court's "discharge" (*i.e.,* dismissal) of appellant's petition for a writ of habeas corpus. *See Ibn–Tamas v. United States,* 407 A.2d 626, 635–36 (D.C.1979) (appellate court may affirm trial court ruling when court gave wrong reason, or no reason at all, if ruling is correct).

*So ordered.*