Matthew NOBLE, Petitioner,

v.

**UNITED STATES PAROLE
COMMISSION,**
Respondent.

Civ. A. No. 95–0188.

United States District Court,
District of Columbia.

May 31, 1995.

Reita Pauline Pendry, Federal Public Defender for D.C., Washington, DC, for petitioner.

John Michael Facciola, U.S. Attorney's Office, Washington, DC, for respondent.

### MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on Petitioner Matthew Noble's petition for a writ of habeas corpus seeking credit for his time served on parole. Petitioner is currently under parole supervision of the United States Parole Commission ("U.S.P.C." or "Commission"). On May 28, 1993, the Commission issued a warrant for petitioner's arrest for an alleged parole violation. Because of the violation, the U.S.P.C. denied the petitioner credit for the time he had served on parole between March 11, 1988 and May 28, 1993. For the reasons stated below, this Court grants petitioner's motion to grant credit.

*Background*

Petitioner seeks credit for the 1,479 days he previously served on his D.C. sentence. In order to understand the specifics of his claim, a brief history of petitioner's criminal record is required. Petitioner was convicted on December 5, 1978, of unlawful distribution of a controlled substance in violation of 21 U.S.C. § 841(a) and was sentenced in federal district court to three years probation. On May 18, 1981, petitioner's probation was revoked, and he was sentenced to a period of confinement of one year and one day in a federal institution, plus a parole term of two years.

After his release, on or about December 18, 1981, petitioner began serving his two-year parole term. The petitioner violated the terms of the parole and was returned to a federal institution on March 19, 1983. He

was subsequently released on September 21, 1984, to serve the remaining portion of his parole term.

While serving his parole for the second time, petitioner was convicted in D.C. Superior Court for the unlawful distribution of a controlled substance in violation of the D.C.Code, and was sentenced on September 13, 1985 to a term of seven years and six months imprisonment. The remaining portion of the federal parole term and the new D.C. sentence were aggregated by the Bureau of Prisons to a sentence of nine years, two months and seven days, pursuant to 18 U.S.C. §§ 4161 and 4205. Of the 110 months of petitioner's aggregated sentence, 90 months were deemed a local sentence under the D.C.Code, and the remaining 20 months were deemed a federal sentence under the U.S.Code. The Bureau of Prisons estimated a parole eligibility date of July 13, 1987 and a full-term expiration date of March 20, 1994 for the aggregated sentence.

Under this aggregated sentence, petitioner was released on parole on March 11, 1988 with 2,197 days remaining to be served.[1] On May 28, 1993, the Commission issued a warrant for petitioner's arrest for alleged violations of his parole because the petitioner tested positive for drugs. By Notice of Action issued on December 1, 1993, the Commission revoked petitioner's parole. The Commission also forfeited petitioner's time served on parole ("street time") totalling 1,902 days. As a result, the termination date of petitioner's aggregated sentence was recomputed by the Bureau of Prisons to February 21, 1999. Once again, after serving time petitioner was paroled on October 7, 1994 with 1,597 days remaining to be served

on his aggregated sentence. Currently, he is under parole supervision of the Commission.

Petitioner argues that under the Good Time Credits Act, D.C.Code § 24–428 *et seq.* (1989) ("GTCA") he should be granted credit for the 1,479 days he served on parole for his D.C. sentence from March 11, 1988 to May 28, 1993.

*Analysis*

I.  Jurisdiction

■ Petitioner filed for a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Although the portion of his sentence at issue is related to his D.C.Code offense, this Court has jurisdiction over the matter because petitioner was detained by the U.S.P.C. in a federal prison on aggregated federal and local sentences. *Jones v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963) (due to restraints and conditions of parole order, paroled prisoners are in "custody" of members of the Board.)[2]

II.  Statutory interpretation

■ Petitioner argues that section 24–431 of the GTCA, passed on April 11, 1987, grants him credit for his street time. Section 24–431(a) reads in pertinent part:

Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed.

§ 2.52(c)(2), interpreting 18 U.S.C. § 4210(b). (Petitioner's Brief at 4). Therefore, the only period in dispute is the 1,479 days of D.C. parole time.

---

1.  For all prisoners under their supervision, federal prison officials must apply D.C. parole law to determine the release dates for district sentences, and federal law to determine the release dates for federal sentences. Specifically, if a sentence involves a "mixed sentence," involving both U.S. and D.C.Code sentences, the United States Parole Commission divides credit given for "street time" proportionally. U.S.P.C. Memorandum on Procedures for D.C.Code Offenders, p. 17. In this case, the period in dispute was the 1,902 days petitioner served between March 11, 1988 and May 28, 1993. Petitioner concedes that his federal sentence parole time, 423 days, has been properly revoked under federal law. 28 C.F.R.

2.  U.S.P.C. jurisdiction will continue until the date of expiration of the maximum term for which the defendant is sentenced. 18 U.S.C. § 4210. Furthermore, D.C.Code § 24–209 authorizes the Commission to follow D.C. law in making parole decisions for D.C. offenders. *Johnson v. Williford,* 821 F.2d 1279, 1282–90 (7th Cir.1987).

Respondent argues that petitioner's reading of § 24–431 would result in the implied repeal of D.C.Code § 24–206, which has been in effect since 1932. D.C.Code § 24–206(a) denies prisoner's credit for time served on parole if the parole is revoked. It provides in pertinent part:

If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody ... The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced.

According to respondent, for § 24–431 to be given effect it would have to be read impliedly to repeal § 24–206, since § 24–431 grants credit for street time and § 24–206 does not.

■■■ It is a well-settled rule of statutory interpretation that repeals by implication are not favored. *Morton v. Mancari*, 417 U.S. 535, 549, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290 (1974); *District of Columbia Metro. Police Dept. v. Perry*, 638 A.2d 1138, 1141 (1994). "[W]hen two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed [legislative] intention to the contrary, to regard each as effective." *Morton*, 417 U.S. at 551, 94 S.Ct. at 2483. Because these two statutes are capable of coexisting, this Court must read them to give effect to both.

The two statutes are not irreconcilable. In *Luck v. D.C. Parole Bd.*, 996 F.2d 372 (D.C.Cir.1993), the D.C.Circuit harmonized these statutes by implicitly finding that § 24–206 controlled prisoners paroled before April 11, 1987, and § 24–431 governed those prisoners paroled after April 11, 1987.

In that case, Luck claimed that his rights under the Equal Protection clause had been violated because he was treated differently from other similarly situated prisoners. He argued that the GTCA should be applied retroactively so that he would receive credit for his parole for a D.C. sentence that he had served almost exclusively before the passage of the GTCA. Luck had violated his parole two weeks before the passage of the GTCA, and was apprehended two days after its passage. After certifying the question to the District of Columbia Court of Appeals,[3] the Court of Appeals ruled that the time between Luck's initial release on parole and his violation could not be credited towards his release because the period was entirely before the Act's effective date. *Id.* at 374.

In its discussion of Luck's claim, the Court held that granting credit for days served after the Act's passage while denying it for days served before the Act was constitutional under *United States Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 101 S.Ct. 453, 66 L.Ed.2d 368 (1980), because it bore "a rational relationship to a legitimate purpose in cases where a sentence has been recomputed after the effective date." *Id.* at 374. The fact that "the line might have been drawn differently at some points is a matter for legislative, rather than judicial, consideration." *Id.* at 375 (quoting *Fritz, supra*).

The *Luck* Court would not have had to reach the issue of whether there was a rational basis for the unequal treatment unless it had determined that § 24–431(a) granted credit for street time for prisoners paroled after April 11, 1987. Courts must avoid "needless determination of constitutional issues ... if [a statute] is fairly susceptible of such a construction." *Ralpho v. Bell*, 569 F.2d 607, 619 (D.C.Cir.1977) (footnotes omitted). Since the only way the D.C.Circuit would have reached the constitutional issue was to find that the § 21–431(a) did grant credit for street time, this court finds that the D.C.Circuit implicitly found that the stat-

---

3. The question certified to the District of Columbia Court of Appeals was:

Did the District of Columbia Parole Board and the District of Columbia Department of Corrections properly interpret section 24–431(a) of the Code of the District of Columbia in deciding that

time spent on parole prior to April 11, 1987, cannot be credited against a person's sentence when that person's sentence is recomputed after April 11, 1987? *Luck v. D.C. Parole Board*, No. 90–7179, mem. order at 4 (D.C.Cir. June 1, 1992).

ute could not have been reasonably construed to avoid it.[4]

There are strong equitable reasons that support petitioner's reading of § 24–431(a). The respondent concedes that, had the petitioner been under the jurisdiction of the D.C. Board of Parole, "he would [have been] credited with his street time and released from supervision." (Defendant's Brief at 4). The sole reason why this case is before the Court is that his D.C. sentence was aggregated to his federal sentence. If the Court were to read § 24–431(a) to deny the petitioner credit, it would strip the petitioner of credit he would otherwise have received had his sentence never been aggregated. It would be inequitable for the decision as to whether a prisoner receives credit for street time to depend on whether the U.S. Parole Commission or the D.C. Board of Parole is interpreting § 24–431(a).[5]

III.   Conclusion

Accordingly, petitioner's petition for a writ of habeas corpus is granted. An appropriate order follows this opinion.

### ORDER

It is hereby **ORDERED** that Petitioner's petition for a writ of habeas corpus be granted.

**4.** The court implicitly found the statute to grant credit in its discussion of what credit should be granted to Luck for the two days he spent in violation of parole, which occurred after the passage of the GTCA. The court found that because the warrant for Luck's arrest had been issued before the passage of the GTCA, he was not legally "on parole" during the two days after the GTCA was passed. Since it would not make sense to grant credit for time spent avoiding arrest, the court upheld the district court's decision to deny him credit for the two days after the passage of the GTCA. *Id.* at 374. The court premised this decision on the assumption that had Luck been properly on parole for those two days after the passage of the GTCA, he would have received credit.

**5.** Finally, although the District of Columbia Courts have not interpreted § 21–431(a), this Court believes it would be an appropriate exercise of comity to consider the D.C. Board of Parole's interpretation of the D.C. Statute.