**Matthew NOBLE, Appellee,**

v.

**UNITED STATES PAROLE COMMISSION, Appellant.**

No. 95–5229.

United States Court of Appeals, District of Columbia Circuit.

Argued March 26, 1996.

Decided May 3, 1996.

Mark J. Ehlers, Assistant United States Attorney, argued the cause, Washington, DC, for appellant. With him on the briefs were Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Thomas J. Tourish, Jr., and John M. Facciola, Assistant United States Attorneys.

Allen E. Burns, Assistant Federal Public Defender, argued the cause, Washington, DC, for appellee. With him on the brief was A.J. Kramer, Federal Public Defender.

Mary Wilson, Assistant Corporation Counsel, argued the cause, Washington, DC, for amicus curiae the District of Columbia. With her on the brief was Charles F. Ruff,

Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel.

Before: SILBERMAN, RANDOLPH, and TATEL, Circuit Judges.

An opinion for the Court filed by Circuit Judge TATEL accompanies this order.

## ORDER

PER CURIAM.

### CERTIFICATION OF QUESTION OF LAW

by the United States Court of Appeals for the District of Columbia Circuit to the District of Columbia Court of Appeals pursuant to D.C.Code § 11–723

On March 26, 1996, we heard oral argument in *United States Parole Commission v. Matthew Noble*, No. 95–5229. Determinative of the appeal is a significant question of District of Columbia law as to which there is no controlling precedent in the decisions of the District of Columbia Court of Appeals. We therefore certify to the District of Columbia Court of Appeals the following question:

> Under District of Columbia law, given the facts described below, did the United States Parole Commission properly interpret sections 24–206(a) and 24–431(a) of the District of Columbia Code in deciding that, after revocation of a person's parole, time that the person spent on parole before revocation cannot be credited against his sentence?

The facts relevant to the certified question are as follows. Appellee Matthew Noble, having been convicted under both federal and District of Columbia law, is serving a term of parole under the supervision of the U.S. Parole Commission. Noble seeks credit for 1,479 days he previously served on parole for his District of Columbia sentence before his parole was revoked.

Noble was convicted in federal district court on December 5, 1978 of unlawful distribution of a controlled substance in violation of 21 U.S.C. § 841(a) and was sentenced to three years of probation. On May 18, 1981, his probation was revoked, and he was sentenced to federal prison for a term of one year and a day and a parole term of two years. Noble was released from prison and began serving parole on December 18, 1981. After violating the terms of his parole, Noble was reincarcerated in a federal institution on March 19, 1983. He was once again released on parole on September 21, 1984.

While serving parole for his federal offense, Noble was convicted in District of Columbia Superior Court for unlawfully distributing a controlled substance, in violation of D.C.Code § 33–541, and was sentenced on September 13, 1985 to a prison term of seven and one-half years. Pursuant to 18 U.S.C. §§ 4161 and 4205, the United States Bureau of Prisons aggregated Noble's District of Columbia sentence and the remainder of his federal parole term to a sentence of 110 months and seven days, with ninety months deemed a local District of Columbia sentence.

Noble was released on parole in March 1988 with 2,197 days left to be served. He tested positive for drugs in May 1993. The U.S. Parole Commission revoked Noble's parole on December 1, 1993, refusing to credit him for the 1,902 days that he had served on parole. Noble was resentenced to prison and was later reparoled on October 7, 1994 with 1,597 days left to be served. Although this final portion of Noble's sentence pertained to his offense under District of Columbia law, not his federal conviction, Noble remained under the supervision of the U.S. Parole Commission in accordance with D.C.Code §§ 24–206(b) and 24–209.

Noble filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Columbia, seeking credit under D.C.Code § 24–431(a) for the 1,479 days he served on parole from March 11, 1988 until May 28, 1993, a portion of his sentence related to his D.C.Code violation. Granting his petition, the district court ruled that section 24–431(a) of the D.C.Code authorizes credit for time served on parole even for a person whose parole has been revoked. *See Noble v. United States Parole Comm'n*, 887 F.Supp. 11, 13–14 (D.D.C.1995). The U.S. Parole Commission has appealed the district court's ruling. The District of Columbia filed a brief

and participated in oral argument as amicus curiae in support of Noble.

Section 24–206(a) of the D.C.Code, enacted by Congress in 1932, provides that when a person's parole is revoked, the prisoner is not entitled to credit for time served on parole. The relevant portion of section 24–206(a) reads:

> If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody.... The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced.

In the District of Columbia Good Time Credits Act of 1986, D.C.CODE ANN. §§ 24–428 to 24–434 (1989 Repl.), a measure designed in part to reduce prison overcrowding, the District of Columbia Council provided that good time credits were to be applied to prisoners' minimum and maximum sentences, not simply to their maximum sentences, as was the case prior to the Act. *See Luck v. District of Columbia,* 617 A.2d 509, 511 (D.C. 1992) (*"Luck I "*). The Act also allowed prisoners to receive credit for "street time"— that is, time served on parole. A provision of the Act codified at section 24–431(a) of the D.C.Code states:

> Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed.

The District of Columbia Department of Corrections has consistently interpreted section 24–431(a) to mean that even a prisoner whose parole has been revoked is entitled to credit for time served on parole before revocation. *See* D.C.MUN.REGS. tit. 28, § 601.7 (1988); *Luck I,* 617 A.2d at 512. Under this interpretation, section 24–431(a) trumps the older section 24–206(a). The U.S. Parole Commission, however, construes section 24–431(a) as inapplicable to any prisoner whose parole has been revoked. Consequently, District of Columbia offenders serving aggregated District of Columbia and federal sentences under the supervision of the U.S. Parole Commission receive no credit for time served on parole if their parole is revoked, while District of Columbia offenders under the supervision of the D.C. Department of Corrections do receive credit for time served on parole. This conflict is troublesome, for the U.S. Parole Commission concedes in its briefs and numerous courts have held that, under D.C.Code § 24–209, the same law— District of Columbia law—governs the parole terms of District of Columbia offenders whether under the supervision of the D.C. Board of Parole or of the U.S. Parole Commission. *See, e.g., Walker v. Luther,* 830 F.2d 1208, 1216–17 (2d Cir.1987); *Johnson v. Williford,* 821 F.2d 1279, 1288 (7th Cir.1987); *Cosgrove v. Thornburgh,* 703 F.Supp. 995, 1004 (D.D.C.1988).

Although the D.C. Court of Appeals has in dicta discussed the question whether section 24–431(a) authorizes credit for street time if parole is revoked, *see Franklin v. Ridley,* 635 A.2d 356, 357–58 (D.C.1993); *Luck I,* 617 A.2d at 511–15, no decision of that court presents a direct holding on the issue. For reasons explained in the accompanying opinion, we cannot with confidence decide the question of District of Columbia law upon which resolution of this case depends without guidance from the D.C. Court of Appeals. *See* D.C.CODE ANN. § 11–723(a) (1995 Repl.); *National Union Fire Ins. Co. v. Riggs Nat'l Bank,* 5 F.3d 554, 557 (D.C.Cir.1993). We therefore certify the question of law set forth in the opening paragraph of this order. The Clerk of the Court shall forward copies of all or such portion of the record as the D.C. Court of Appeals requests pursuant to D.C.Code § 11–723(d).

*So ordered.*

Opinion for the Court filed by Circuit Judge TATEL.

TATEL, Circuit Judge:

In the order accompanying this opinion, we certify to the District of Columbia Court of Appeals the question whether a District of Columbia offender under the supervision of the United States Parole Commission whose parole is revoked is entitled under section 24–431(a) of the District of Columbia Code to

credit for time served on parole before revocation. As required by D.C.Code § 11–723(c), our certification order sets forth the question of law to be answered, as well as a statement of relevant facts and the nature of the controversy. In this opinion, we explain our reasons for certifying this question.

Although the D.C. Court of Appeals has indicated in dicta that section 24–431(a) entitles District of Columbia offenders to credit for street time served even in the event of parole revocation, it has never issued a holding to that effect. In *Luck v. District of Columbia*, 617 A.2d 509 (D.C.1992) (*"Luck I"*), the D.C. Court of Appeals, answering a question certified to it from this court, ruled that section 24–431(a) was not retroactive, that is, that time spent on parole before section 24–431(a)'s effective date of April 11, 1987 could not be credited against a person's sentence. *See Luck I*, 617 A.2d at 510. Although the court was not presented with the question whether parole time served *after* April 11, 1987 could be credited against a prisoner's sentence following revocation of parole—the issue in this case—the court's opinion assumed such an interpretation. The court stated that the Good Time Credits Act "provided for the first time that prisoners would receive credit for time which they successfully spent on parole." *Id.* at 511. The opinion also quoted an order issued by the Director of the District of Columbia Department of Corrections soon after section 24–431(a)'s passage clearly stating that parole time is to be credited even after parole revocation. *See id.* at 512. According to the Court of Appeals, considerable weight was due "any reasonable" contemporaneous construction of the statute "by the agency charged with its administration." *Id.* at 515. Furthermore, the court labeled "curious" the Ninth Circuit's ruling in *Tyler v. United States*, 929 F.2d 451 (9th Cir.), *cert. denied*, 502 U.S. 845, 112 S.Ct. 142, 116 L.Ed.2d 108 (1991), that section 24–431(a) does not authorize credit for street time if parole is revoked. *See Luck I*, 617 A.2d at 514 n. 6.

Following the D.C. Court of Appeals' answer to our certified question in *Luck I*, we rejected the claims of the prisoner in that case. *See Luck v. District of Columbia Parole Bd.*, 996 F.2d 372, 374–75 (D.C.Cir.1993) (*"Luck II"*). In our ruling we had no occasion to address directly the question this case presents. Nevertheless, we did reach two issues, including an equal protection claim, that, strictly speaking, we did not need to resolve absent an assumption that credit was available for street time served after section 24–431(a)'s effective date.

Soon thereafter, in *Franklin v. Ridley*, 635 A.2d 356 (D.C.1993), the D.C. Court of Appeals assumed, again in dicta, that section 24–431(a) authorizes credit for street time even after revocation of parole. In *Franklin*, the court held that under D.C.Code § 24–104, a prisoner whose *probation* is revoked is not entitled to credit for time served on probation. *Franklin*, 635 A.2d at 358. In explaining its decision, the court noted: "The District . . . concedes that, if appellant in fact had been on parole between his release from federal prison and his subsequent arrest, he would have been entitled to credit for that time pursuant to D.C.Code § 24–431(a)." *Id.* at 357–58. The court also stated: "The D.C.Code clearly provides that a prisoner may receive credit to his or her sentence for time spent on 'parole' but not for time on 'probation' if probation is subsequently revoked. . . ." *Id.* at 358.

■ Because the D.C. Court of Appeals has no direct holding on the question this case presents, certification would be consistent with D.C.Code § 11–723, which provides that the D.C. Court of Appeals may accept questions of law certified to it from a federal court of appeals

> if there are involved in any proceeding before any such certifying court questions of law of the District of Columbia which may be determinative of the cause pending in such certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the District of Columbia Court of Appeals.

While recognizing that the D.C. Court of Appeals has indicated in dicta that it would likely decide this question in accordance with the views expressed here by the District of Columbia and appellee Noble, we think that circumstances in this case counsel in favor of certification. For one thing, the D.C. Court

of Appeals has itself sent mixed signals. Although its opinions in *Luck I* and *Franklin* strongly suggest that it would read section 24–431(a) as authorizing credit for street time even after revocation of parole, its opinion in *Luck I* at the same time suggests that it would hesitate to treat section 24–431(a) as effectively repealing section 24–206(a). *See* *Luck I,* 617 A.2d at 514 (noting that the court was "not prepared" "to find that § 24–431(a) has effected a retroactive *pro tanto* implied repeal of § 24–206" and noting that "nothing in the . . . record . . . would warrant" ignoring the canon disfavoring repeals by implication and the canon disfavoring retroactivity, "two canons of statutory construction from which [the court] should deviate only in exceptional cases"). Although *Luck I* concerned primarily the issue of retroactivity and seemed not to question the notion that credit could be granted for street time served after the passage of section 24–431(a), the D.C. Court of Appeals' clear discomfort with implied repeals leaves us uncertain whether to follow the dicta of *Luck I* and *Franklin.*

Given our uncertainty, a second factor counseling in favor of certification is that our sister circuit—the Ninth—has answered the question differently than *Luck I* 's dicta. *See* *Tyler,* 929 F.2d at 454–57. An opinion by this court adopting the position of Noble and the District of Columbia would thus create a circuit conflict on a question of District of Columbia law. As a result, District of Columbia offenders under the supervision of the U.S. Parole Commission in different parts of the United States would be subject to different interpretations of section 24–431(a). For this reason, we think it wise to seek a direct holding from the court with the authority to render definitive interpretations of District of Columbia law.

■ A final consideration supporting certification is this: Because District of Columbia offenders and the D.C. Board of Parole have likely always agreed on the answer to the question this case poses, *see, e.g., Luck I,* 617 A.2d at 514 n. 6, the D.C. Court of Appeals has probably not had the opportunity to address this issue with the benefit of full briefing. While we express no view on the merits

of the question we are certifying, we think that the U.S. Parole Commission raises credible arguments warranting serious consideration. As the Parole Commission points out, the presumption against implied repeals, although not absolute, is strong. Moreover, the legislative history provides no indication that, when section 24–431 became law, either the District of Columbia Council or Congress recognized that it would produce the result that Noble and the District of Columbia argue it produced. At the same time, the language of section 24–431(a) certainly lends itself to the interpretation advanced by Noble and the District of Columbia. We think the D.C. Court of Appeals is in the best position to resolve this question of law.

The U.S. Parole Commission argues that certification is improper here because this case raises a significant federal question that this court, not the D.C. Court of Appeals, should answer—namely, whether the D.C. Council should be permitted by implied repeals to circumvent the congressional review procedures established by the Home Rule Act. *See* D.C. CODE ANN. § 1–233(c)(2) (1992 Repl.) (establishing sixty-day congressional review period for D.C. Council provisions respecting title 24 of the D.C.Code). In support of its argument that this case poses a federal question on which we owe no special deference to the D.C. Court of Appeals, the U.S. Parole Commission relies on *Bliley v. Kelly,* 23 F.3d 507 (D.C.Cir.1994). In *Bliley,* we considered whether, under the Home Rule Act, the congressional review period for an act passed by the D.C. Council was suspended when the D.C. Council initiated measures that would have repealed the first act. *See id.* at 508. In that case, we explained:

> The Home Rule Act is a "hybrid statute" that contains elements of both federal and local law. It is self-evident, however, that questions regarding Congress's reserved right to review District legislation before it becomes law concerns an exclusively federal aspect of the Act. We therefore owe this ruling of the D.C. Court of Appeals no more than the deference that is always due the decisions of a sister court.

*Id.* at 511 (citation omitted).

The question this case presents is quite different from the question before us in *Bli-*

*ley.* In that case, we were called upon " 'to fill gaps within the interstices of' " the Home Rule Act, *id.* at 512 (quoting *Carter v. Derwinski,* 987 F.2d 611, 615 (9th Cir.) (en banc), *cert. denied,* —— U.S. ——, 114 S.Ct. 78, 126 L.Ed.2d 46 (1993))—in other words, to interpret the Home Rule Act itself at the request of members of Congress asserting that the D.C. Council was required to resubmit an act to Congress, *see id.* at 510. In contrast, this case involves the interpretation of a section of the D.C.Code that is not part of the Home Rule Act. The U.S. Parole Commission, not Congress or one of its members, seeks to create an especially "federal" question by arguing that the interpretation of section 24–431(a) advocated by the District of Columbia and appellee Noble "would violate the spirit of" the Home Rule Act. Reply Brief for Appellant at 20. We see no practical limit to the U.S. Parole Commission's argument; in many cases involving the interplay of two provisions of the D.C.Code, one could similarly argue that the integrity of congressional review procedures would be implicated by a decision holding that a later-enacted provision alters the effect of an earlier-enacted provision. Presumably, interpretations of District of Columbia law by the D.C. Court of Appeals regularly include conclusions that one provision of the D.C.Code supplants a previously existing provision or alters its effect. We have no doubt that our colleagues on that court will give adequate consideration to the U.S. Parole Commission's concerns regarding the Home Rule Act's provision for congressional review of D.C. Council measures. Because we feel certain that, had the D.C. Court of Appeals already directly addressed the question this case presents, we would be bound by its holding, we conclude that certification is appropriate in this case. Federal court review, not by this court, but by the Supreme Court, remains available to correct any legal error by the D.C. Court of Appeals.