# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

JAMES F. JOHNSON,

        Petitioner-Appellee,

v.

THOMAS KINDT, Warden and
U.S. PAROLE COMMISSION,

        Respondents-Appellants.

DISTRICT OF COLUMBIA,

        Amicus Curiae.

No. 96-6154

## ORDER

Filed September 25, 1998

Before **KELLY**, **BARRETT**, and **HENRY**, Circuit Judges.

Upon consideration of appellants' motion to publish the order and judgment originally filed July 17, 1998, the motion is granted. The published opinion is attached to this order.

Entered for the Court

PATRICK FISHER, Clerk of Court

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JULY 17 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JAMES F. JOHNSON,

　　　　　Petitioner-Appellee,

v.

THOMAS KINDT, Warden and
U.S. PAROLE COMMISSION,

　　　　　Respondents-Appellants.

No.  96-6154

DISTRICT OF COLUMBIA,

　　　　　Amicus Curiae.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CIV-95-1165-M)

Submitted on the briefs:

Patrick M. Ryan, United States Attorney, Steven K. Mullins, Assistant U.S. Attorney,
Oklahoma City, Oklahoma, Lisa Simotas, Attorney for the Department of Justice,
Washington, D.C., for the Respondents-Appellants.

Richard Eisenberg, Assistant Federal Public Defender, Oklahoma City, Oklahoma, for Petitioner-Appellee.

Charles L. Reischel, Deputy Corporation Counsel, Mary L. Wilson, Assistant Corporation Counsel, Washington, D.C., for Amicus Curiae.

---

Before **KELLY**, **BARRETT**, and **HENRY**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

Petitioner-appellee James F. Johnson is an inmate in federal custody serving an aggregate U.S. Code and District of Columbia (D.C.) Code sentence. In district court, Johnson filed a habeas petition, pursuant to 28 U.S.C. § 2241, arguing that he was entitled to credit under his D.C. sentence for "street time" accrued prior to revocation of his parole. The district court agreed and granted the requested relief. On appeal by respondents-appellants Thomas Kindt and the U.S. Parole Commission (the Commission), we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.[1]

## BACKGROUND

Johnson was convicted of the D.C. crimes of rape and carrying a pistol without a license and also the federal crime of possession of cocaine with intent to distribute. In 1985, the United States Bureau of Prisons calculated his aggregated sentence at approximately

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

twenty-five years (thirteen years under the D.C. Code and twelve years under the U.S. Code).

On February 4, 1989, the Commission released Johnson on parole with approximately twenty-one years left to be served.[2]

On August 24, 1994, the Commission issued an arrest warrant for a parole violation (commission of new criminal conduct). As of that date, Johnson had accumulated approximately five and one-half years of street time,[3] allocated proportionately to the federal and D.C. crimes as 910 days to the U.S. Code sentence and 1092 days to the D.C. Code sentence. The Commission revoked Johnson's parole and ordered the forfeiture of his street time.

Johnson filed a habeas petition, arguing that, under D.C. Code § 24-431(a), a provision effective April 11, 1987, he should have retained credit for the 1092

---

[2] The Commission, which has statutory authority to make parole decisions for D.C. offenders housed in federal prisons, is required to follow D.C. law with regard to D.C. offenses. See Johnson v. Williford, 821 F.2d 1279, 1288 (7th Cir. 1987); see also D.C. Code § 24-209.

[3] "'Street time' is measured from the date of release on parole to the execution of the [arrest] warrant or confinement on other charges." 28 C.F.R. § 2.66(i).

days of street time attributable to his D.C. sentence.[4]  The Commission, however, asserted that a previous, and conflicting, D.C. Code provision required the forfeiture of D.C. street time upon the revocation of parole.  See D.C. Code § 24-206(a) (providing that, after revocation of parole, "[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced").  The district court, relying on the case of Noble v. United States Parole Commission, 887 F. Supp. 11, 13-14 (D.D.C. 1995) (Noble I), concluded that the Commission had reached an erroneous interpretation of D.C. law.  Determining that D.C. Code § 24-431(a) applied to Johnson's street time because it was earned after the effective date of the provision, the district court granted the habeas petition and ordered the Commission to credit Johnson with the street time allocated to his D.C. sentence.

The Commission appealed the district court's ruling to this court.  While the appeal was pending, the Court of Appeals for the District of Columbia resolved the statutory interpretation issue by answering a question certified by the United States Court of Appeals for the District of Columbia in the Noble case.[5]  It determined that D.C. Code § 24-431(a)

----

[4]     D.C. Code § 24-431(a) provides:

     Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed.

[5]     The certified question was:

Under District of Columbia law . . ., did the United States Parole Commission properly interpret sections 24-206(a) and 24-431(a) of the District of Columbia

(continued...)

-4-

does not effect an implied repeal of D.C. Code § 24-206(a), so that once parole is revoked, D.C. law does not entitle an offender to street-time credit. See United States Parole Comm'n v. Noble, 693 A.2d 1084, 1085, 1105 (D.C. 1997) (Noble III) (withdrawn, then reinstated after en banc rehearing, see United States Parole Comm'n v. Noble, 711 A.2d 85, 86 (D.C. 1998)).

On appeal, Johnson concedes that this court is bound by the Noble III holding, see Johnson v. Fankell, 117 S. Ct. 1800, 1804 (1997), but argues that retroactive application would offend due process.

**DISCUSSION**

Generally, "[a] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." Rivers v. Roadway Express, Inc., 511 U.S. 298, 312-13 (1994). However, the Supreme Court has held that

> an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law, such as Art. I, § 10 of the Constitution forbids . . . . If a state legislature is barred by the Ex Post Facto Clause from passing such a law, it must follow that a State Supreme Court is barred by the Due Process Clause from achieving precisely the same result by judicial construction.

---

[5](...continued)
Code in deciding that, after revocation of a person's parole, time that the person spent on parole before revocation cannot be credited against his sentence?

Noble v. United States Parole Comm'n, 82 F.3d 1108, 1109 (D.C. Cir. 1996) (Noble II).

Bouie v. City of Columbia, 378 U.S. 347, 353-54 (1964). The construction of a criminal statute may not "deprive the defendant of the fair warning to which the Constitution entitles him." Id. at 354. The Bouie principles apply to "after-the-fact increases in the degree of punishment" as well as "the ex post facto construction of substantive criminal statutes." Helton v. Fauver, 930 F.2d 1040, 1045 (3d Cir. 1991) (citing Devine v. New Mexico Dep't of Corrections, 866 F.2d 339, 344 (10th Cir. 1989)).

The test for determining whether the retroactive application of a judicial decision violates due process is essentially one of foreseeability. See McDonald v. Champion, 962 F.2d 1455, 1458 (10th Cir. 1992). The issue is a "question[] of constitutional law reviewable under a plenary standard." Helton, 930 F.2d at 1044; see also Mahn v. Gunter, 978 F.2d 599, 601 (10th Cir. 1992).[6]

A judicial construction of a statute is unforeseeable if it is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct at issue." Bouie, 378 U.S. at 354. Unforeseeable judicial decisions include expansion of a statute narrow and precise on its face beyond those terms, McDonald, 962 F.2d at 1458; the overruling of precedent, Devine, 866 F.2d at 345; or when "an in-depth inquiry by a dedicated and educated student of [the relevant] law would have revealed nothing to foreshadow the [controlling court] opinion," id.

_____

[6] We note that the D.C. Court of Appeals has expressed no view on "whether there should be any limitation on the class of prisoners the ruling should reach; i.e., the issue of retroactivity/prospectivity." Noble III, 693 A.2d at 1104.

The case of <u>Tyler v. United States</u>, 929 F.2d 451, 457 (9th Cir. 1991), provides a factual and legal framework for considering the foreseeability of the <u>Noble III</u> holding. According to <u>Tyler</u>, soon after § 24-431(a) was enacted, concerned parties recognized the inconsistency between § 24-431(a) and § 24-206(a). <u>See id.</u> at 455. Without "analysis of whether [the] inconsistency [was] irreconcilable," mention of the disfavored status of implied repeals, or acknowledgment of the congressional oversight of D.C. criminal legislation, the D.C. Corporation Counsel advised the D.C. Department of Corrections that the newer provision impliedly repealed the older, so that parole violators had the right to retain street time. <u>Id.</u> Subsequently, "the D.C. Department of Corrections adopted a rule requiring retention of street time after a parole revocation." <u>Id.</u>

Federal prison officials, however, reached a different conclusion. The Commission determined that § 24-206(a), the street time forfeiture statute, was still valid, and continued to apply it. <u>See id.</u> at 455-57.

After weighing the merits of the divergent positions taken by the D.C. government and the Commission, the <u>Tyler</u> court concluded that § 24-431(a) "did not impliedly repeal the longstanding requirement of section 24-206 that parole violators forfeit their street time." <u>Id.</u> at 457. Until the decision in <u>Noble III</u> was announced, <u>Tyler</u> was the only appellate decision that directly addressed the issue. <u>See Noble III</u>, 693 A.2d at 1104. The D.C. Court of Appeals had "sent mixed signals" on the subject. <u>Noble v. United States Parole Comm'n</u>, 82 F.3d 1108, 1111-12 (D.C. Cir. 1996) (<u>Noble II</u>) (noting that, in <u>Luck v. District of Columbia</u>, 617

A.2d 509 (D.C. 1992) the court had assumed in dicta that § 24-431(a) permitted street-time credit after the Act's effective date).

In 1994, when Johnson violated his parole, it was foreseeable that the Commission's view would ultimately prevail. The Noble III decision did not expand a narrow and precise legislative provision or overrule controlling precedent. Moreover, elementary legal research would have revealed the principle that repeals by implication are disfavored. See, e.g., Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987); Noble II, 82 F.3d at 1112. Accordingly, applying the Noble III holding to Johnson's petition does not offend due process.

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED and REMANDED with instructions to deny Johnson's request for habeas relief.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES F. JOHNSON,

  Petitioner-Appellee,

v.

THOMAS KINDT, Warden and
U.S. PAROLE COMMISSION,

  Respondents-Appellants.

DISTRICT OF COLUMBIA,

  Amicus Curiae.

No. 96-6154
(D.C. No. CIV-95-1165-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*******]

Before **KELLY**, **BARRETT**, and **HENRY**, Circuit Judges.

  After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this appeal.

---

  [*******]  This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

<u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner-appellee James F. Johnson is an inmate in federal custody serving an aggregate U.S. Code and District of Columbia (D.C.) Code sentence. In district court, Johnson filed a habeas petition, pursuant to 28 U.S.C. § 2241, arguing that he was entitled to credit under his D.C. sentence for "street time" accrued prior to revocation of his parole. The district court agreed and granted the requested relief. On appeal by respondents-appellants Thomas Kindt and the U.S. Parole Commission (the Commission), we reverse the judgment of the district court and remand for further proceedings consistent with this order and judgment.

## BACKGROUND

Johnson was convicted of the D.C. crimes of rape and carrying a pistol without a license and also the federal crime of possession of cocaine with intent to distribute. In 1985, the United States Bureau of Prisons calculated his aggregated sentence at approximately twenty-five years (thirteen years under the D.C. Code and twelve years under the U.S. Code). On February 4, 1989, the Commission released Johnson on parole with approximately twenty-one years left to be served.[1]

---

[1] The Commission, which has statutory authority to make parole decisions for D.C. offenders housed in federal prisons, is required to follow D.C. law with regard to D.C. offenses. <u>See</u> <u>Johnson v. Williford</u>, 821 F.2d 1279, 1288 (7th Cir. 1987); <u>see also</u> D.C. Code § 24-209.

On August 24, 1994, the Commission issued an arrest warrant for a parole violation (commission of new criminal conduct). As of that date, Johnson had accumulated approximately five and one-half years of street time,[2] allocated proportionately to the federal and D.C. crimes as 910 days to the U.S. Code sentence and 1092 days to the D.C. Code sentence. The Commission revoked Johnson's parole and ordered the forfeiture of his street time.

Johnson filed a habeas petition, arguing that, under D.C. Code § 24-431(a), a provision effective April 11, 1987, he should have retained credit for the 1092 days of street time attributable to his D.C. sentence.[3] The Commission, however, asserted that a previous, and conflicting, D.C. Code provision required the forfeiture of D.C. street time upon the revocation of parole. See D.C. Code § 24-206(a) (providing that, after revocation of parole, "[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced"). The district court, relying on the case of Noble v. United States Parole Commission, 887 F. Supp. 11, 13-14 (D.D.C. 1995) ( Noble I), concluded that the Commission had reached an erroneous interpretation of D.C. law. Determining that D.C.

---

[2]    "'Street time' is measured from the date of release on parole to the execution of the [arrest] warrant or confinement on other charges." 28 C.F.R. § 2.66(i).

[3]    D.C. Code § 24-431(a) provides:

> Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed.

Code § 24-431(a) applied to Johnson's street time because it was earned after the effective date of the provision, the district court granted the habeas petition and ordered the Commission to credit Johnson with the street time allocated to his D.C. sentence.

The Commission appealed the district court's ruling to this court. While the appeal was pending, the Court of Appeals for the District of Columbia resolved the statutory interpretation issue by answering a question certified by the United States Court of Appeals for the District of Columbia in the Noble case.[4] It determined that D.C. Code § 24-431(a) does not effect an implied repeal of D.C. Code § 24-206(a), so that once parole is revoked, D.C. law does not entitle an offender to street-time credit. See United States Parole Comm'n v. Noble, 693 A.2d 1084, 1085, 1105 (D.C. 1997) (Noble III) (withdrawn, then reinstated after en banc rehearing, see United States Parole Comm'n v. Noble, No. 96-SP-578, 1998 WL 208865 (D.C. Apr. 23, 1998)).

On appeal, Johnson concedes that this court is bound by the Noble III holding, see Johnson v. Fankell, 117 S. Ct. 1800, 1804 (1997), but argues that retroactive application would offend due process.

---

[4] The certified question was:

Under District of Columbia law . . ., did the United States Parole Commission properly interpret sections 24-206(a) and 24-431(a) of the District of Columbia Code in deciding that, after revocation of a person's parole, time that the person spent on parole before revocation cannot be credited against his sentence?

Noble v. United States Parole Comm'n, 82 F.3d 1108, 1109 (D.C. Cir. 1996) (Noble II).

**DISCUSSION**

Generally, "[a] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." Rivers v. Roadway Express, Inc., 511 U.S. 298, 312-13 (1994). However, the Supreme Court has held that

> an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law, such as Art. I, § 10 of the Constitution forbids . . . . If a state legislature is barred by the Ex Post Facto Clause from passing such a law, it must follow that a State Supreme Court is barred by the Due Process Clause from achieving precisely the same result by judicial construction.

Bouie v. City of Columbia, 378 U.S. 347, 353-54 (1964). The construction of a criminal statute may not "deprive the defendant of the fair warning to which the Constitution entitles him." Id. at 354. The Bouie principles apply to "after-the-fact increases in the degree of punishment" as well as "the ex post facto construction of substantive criminal statutes." Helton v. Fauver, 930 F.2d 1040, 1045 (3d Cir. 1991) (citing Devine v. New Mexico Dep't of Corrections, 866 F.2d 339, 344 (10th Cir. 1989)).

The test for determining whether the retroactive application of a judicial decision violates due process is essentially one of foreseeability. See McDonald v. Champion, 962 F.2d 1455, 1458 (10th Cir. 1992). The issue is a "question[] of constitutional law reviewable

-5-

under a plenary standard." Helton, 930 F.2d at 1044; see also Mahn v. Gunter, 978 F.2d 599, 601 (10th Cir. 1992).[5]

A judicial construction of a statute is unforeseeable if it is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct at issue." Bouie, 378 U.S. at 354. Unforeseeable judicial decisions include expansion of a statute narrow and precise on its face beyond those terms, McDonald, 962 F.2d at 1458; the overruling of precedent, Devine, 866 F.2d at 345; or when "an in-depth inquiry by a dedicated and educated student of [the relevant] law would have revealed nothing to foreshadow the [controlling court] opinion," id.

The case of Tyler v. United States, 929 F.2d 451, 457 (9th Cir. 1991), provides a factual and legal framework for considering the foreseeability of the Noble III holding. According to Tyler, soon after § 24-431(a) was enacted, concerned parties recognized the inconsistency between § 24-431(a) and § 24-206(a). See id. at 455. Without "analysis of whether [the] inconsistency [was] irreconcilable," mention of the disfavored status of implied repeals, or acknowledgment of the congressional oversight of D.C. criminal legislation, the D.C. Corporation Counsel advised the D.C. Department of Corrections that the newer provision impliedly repealed the older, so that parole violators had the right to retain street

---

[5]     We note that the D.C. Court of Appeals has expressed no view on "whether there should be any limitation on the class of prisoners the ruling should reach; i.e., the issue of retroactivity/prospectivity." Noble III, 693 A.2d at 1104.

time.  Id.  Subsequently, "the D.C. Department of Corrections adopted a rule requiring retention of street time after a parole revocation."  Id.

Federal prison officials, however, reached a different conclusion.  The Commission determined that § 24-206(a), the street time forfeiture statute, was still valid, and continued to apply it.  See id. at 455-57.

After weighing the merits of the divergent positions taken by the D.C. government and the Commission, the Tyler court concluded that § 24-431(a) "did not impliedly repeal the longstanding requirement of section 24-206 that parole violators forfeit their street time."  Id. at 457.  Until the decision in Noble III was announced, Tyler was the only appellate decision that directly addressed the issue.  See Noble III, 693 A.2d at 1104.  The D.C. Court of Appeals had "sent mixed signals" on the subject.  Noble v. United States Parole Comm'n, 82 F.3d 1108, 1111-12 (D.C. Cir. 1996) (Noble II) (noting that, in Luck v. District of Columbia, 617 A.2d 509 (D.C. 1992) the court had assumed in dicta that § 24-431(a) permitted street-time credit after the Act's effective date).

In 1994, when Johnson violated his parole, it was foreseeable that the Commission's view would ultimately prevail.  The Noble III decision did not expand a narrow and precise legislative provision or overrule controlling precedent.  Moreover, elementary legal research would have revealed the principle that repeals by implication are disfavored.    See, e.g., Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987); Noble II, 82 F.3d at

-7-

1112. Accordingly, applying the Noble III holding to Johnson's petition does not offend due process.

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED and REMANDED with instructions to deny Johnson's request for habeas relief.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge