**Matthew NOBLE, Appellant,**

v.

**UNITED STATES PAROLE COMMISSION,**
**Appellee.**

**No. 99–5009.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 21, 1999.

Decided Nov. 5, 1999.

Beverly G. Dyer, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was A. J. Kramer, Federal Public Defender.

Valinda Jones, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were Wilma A. Lewis, U.S. Attorney, John R. Fisher, Thomas J. Tourish, Jr., and Robert D. Okun, Assistant U.S. Attorneys. Mary–Patrice Brown, Assistant U.S. Attorney, entered an appearance.

Jo Anne Robinson, Interim Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, Mary L. Wilson, Assistant Corporation Counsel, and Joseph R. Guerra and Stephen D. Kinnaird filed a statement in support of the United States on behalf of the District of Columbia as amicus curiae.

Before: SILBERMAN, SENTELLE, and ROGERS, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Matthew Noble, a District of Columbia prisoner who was held in federal custody, appeals the district court's denial of a writ of habeas corpus. He argues that he has been deprived of equal protection because other prisoners were erroneously released earlier than they should have been. We affirm.

## I.

The District of Columbia is responsible for the custody of most prisoners who have been convicted of offenses under D.C. law, but some D.C. offenders are held in the custody of the federal government. This case arises from a disparity between the policies of the U.S. Parole Commission, which administers parole for prisoners in federal custody, and those of the D.C. Board of Parole, which administers parole for convicts in D.C. prisons.[1]

---

1. Congress has since transferred the authority of the D.C. Board of Parole to the U.S. Parole Commission. *See* National Capital Revitalization and Self–Government Act of 1997, Pub.L. No.105–33, § 11231(a)(1), 111 Stat. 712, 745;

Section 24–206(a) of the District of Columbia Code provides that prisoners whose parole is revoked shall not receive credit against their sentences for "street time," that is, the time they spent on parole. In 1987, the District of Columbia enacted D.C.Code § 24–431(a); without mentioning parole revocation, it established a general rule that street time shall be treated the same as time spent in physical custody. The U.S. Parole Commission concluded that this new statute did not affect § 24–206(a). By contrast, the D.C. Department of Corrections determined that § 24–431(a) had impliedly repealed the section, and consequently the Board of Parole began to give prisoners credit for street time even when their parole was revoked. The new D.C. policy was based on a misreading of the law, as the D.C. Court of Appeals held in 1997. After that opinion the Department of Corrections changed its policy, but it did not make the change retroactive to people whose sentences had already expired—that is, it did not attempt to rearrest former inmates whose releases had been predicated on credit for street time prior to parole revocation.

In 1985, having already compiled a long record of drug offenses, Noble was convicted in D.C. Superior Court of distribution of a controlled substance. At the time, he was a federal parolee, and the Bureau of Prisons aggregated his sentences to yield a term of just over nine years, to be served in federal custody. He was paroled again in 1988, but in 1993 his parole was revoked. Pursuant to D.C.Code § 24–206(a), the Parole Commission refused to credit Noble's street time against his sentence. In 1995, Noble petitioned for a writ of habeas corpus, claiming that the Commission had violated D.C. law by failing to credit him for his street time. The writ was granted, *see Noble v. United States Parole Comm'n,* 887 F.Supp. 11 (D.D.C.1995), but on appeal, we certified to the D.C. Court of Appeals the question of whether the Parole Commission had properly interpreted the D.C. statute. *Noble v. United States Parole Comm'n,* 82 F.3d 1108 (D.C.Cir.1996). After that court confirmed that the Commission's interpretation was correct, *see United States Parole Comm'n v. Noble,* 693 A.2d 1084 (D.C.1997), *aff'd,* 711 A.2d 85 (D.C.1998) (en banc), we remanded to the district court for further proceedings. The district court denied the writ, *see Noble v. United States Parole Comm'n,* 32 F.Supp.2d 11 (D.D.C.1998), and Noble appealed.

**II.**

■■■ Obviously no longer able to maintain that the Parole Commission has misread the law, Noble instead argues that the disparity between his treatment and that of prisoners in the custody of the D.C. Department of Corrections constitutes a deprivation of the equal protection of the laws. The difficulty with this argument is that Equal Protection Clause—to be precise, the equal protection component of the Fifth Amendment's Due Process Clause, *cf. Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954)—does not require that all persons everywhere be treated alike. Instead, it imposes the rather more modest requirement that government not treat *similarly situated* individuals differently without a rational basis. *See Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Noble cannot show that he has been treated differently from prisoners under the supervision of the U.S. Parole Commission because all have been treated in exactly the same way.

Noble would instead compare himself to prisoners who were in the custody of the D.C. Department of Corrections whose parole was revoked but who nevertheless received credit for street time because their sentences expired before the D.C. Court of Appeals issued its decision in 1997. Yet he is not similarly situated to

*Franklin v. District of Columbia,* 163 F.3d 625, 632 (D.C.Cir.1998).

those prisoners, because he is in the custody of a different agency of government. Seeking to avoid this problem, he asserts "a constitutional right to equal treatment under law by the government, even where that treatment is imposed by two different agencies." We think that assertion is groundless. If such a right existed, it would mean that it is unconstitutional for some D.C. criminal cases to be brought in D.C. courts, while others are brought in federal court, where harsher sentences may be available. *But cf. Hutcherson v. United States,* 345 F.2d 964 (D.C.Cir.1965). For that matter, it would suggest that every circuit split is a violation of equal protection. Both of these propositions are obviously erroneous, and so is Noble's premise.

In any event, even if Noble were to be compared to prisoners in D.C. custody who received credit for street time, he could not prevail, because the difficulty of rearresting inmates who have already been released would provide a rational basis for the disparate treatment. Neither authority nor common sense support the proposition that if the government · erroneously confers a benefit on some people, then other people have a constitutional right to receive the same windfall. *See Tyler v. United States,* 929 F.2d 451, 457 (9th Cir. 1991) ("We cannot seriously entertain the argument that an erroneous statutory interpretation should be perpetuated simply because it would favor a prisoner who has not yet benefitted from it.").

\*   \*   \*   \*   \*   \*

The judgment of the district court is affirmed.

*So ordered.*